UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

    Petitioner,

v.	CASE NO. 10-11432
	HONORABLE DENISE PAGE HOOD
RAYMOND D. BOOKER,	MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Respondent.

_____/

**OPINION AND ORDER
(1) DISMISSING CASE WITHOUT PREJUDICE,
(2) GRANTING PETITIONER'S MOTION TO SUPPLEMENT HIS HABEAS PETITION,
(3) GRANTING PETITIONER'S MOTION FOR DISPOSITION OF THE PETITION,
(4) DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE,
(5) DENYING PETITIONER'S MOTION TO COMPEL RULE 5 MATERIALS, AND
(6) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

    Petitioner Robert Lee Childress, Jr., has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Oakland County convictions for larceny by conversion and intent to pass false title. Also pending before the Court are Petitioner's motions to supplement his petition, for disposition of his petition, for immediate release, and to compel production of Rule 5 materials. Because Petitioner has not exhausted an available state remedy for his claims, his habeas petition will be dismissed without prejudice, and his motions for immediate release and to compel production of Rule 5 materials will be denied. The motions to supplement the petition and for disposition of the petition are granted.

**I. BACKGROUND**

In 2008, an Oakland County Circuit Court jury found Petitioner guilty of larceny by conversion, Mich. Comp. Laws § 750.362, and intent to pass false title, Mich. Comp. Laws § 257.254. The trial court sentenced Petitioner to imprisonment for two concurrent terms of four and a half to thirty years. On October 31, 2008, Petitioner filed a claim of appeal through counsel. His case remains pending in the Michigan Court of Appeals.

On February 25, 2010, Petitioner challenged his convictions in a habeas corpus petition, which another judge in this District summarily dismissed without prejudice because Petitioner had not exhausted state remedies for his claims. *See Childress v. Booker*, No. 10-10779 (E.D. Mich. Apr. 14, 2010) (unpublished). Petitioner filed the present habeas corpus petition on April 12, 2010. He claims that (1) he is innocent, (2) he was denied a direct appeal, (3) the trial court lacked jurisdiction to try him, (4) he is imprisoned for debt, (5-6) he was denied effective assistance of trial and appellate counsel, (7) he was denied counsel when the trial court rejected his request for an adjournment of the trial date, and (8) he was denied his constitutional rights to due process and equal protection of the law due to a malicious prosecution. Respondent Raymond Booker urges the Court in an answer to the petition to dismiss the petition on the ground that Petitioner has not exhausted state remedies for his claims.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires prisoners in state custody to give the state courts an opportunity to act on their claims before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the

State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847, 119 S. Ct. at 1732-33. This means that a habeas petitioner must fairly present his claims to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford,* 339 U.S. 200, 218-19, 70 S. Ct. 587, 597-98, 94 L. Ed. 761 (1950)). The only exceptions to the exhaustion requirement are where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the petitioner's rights." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

Records maintained by the Michigan Court of Appeals on its official website indicate that Petitioner's case is pending on appeal. *See* http://coa.courts.mi.gov. Petitioner nevertheless argues that the exhaustion requirement should be excused because there has been inordinate delay in processing his appeal. Specifically, Petitioner claims that the Michigan Court of Appeals permitted six different attorneys to decline to represent him and that he fired two other attorneys for dereliction of duty. Petitioner further alleges that an appeal would be a meaningless ritual at this point because he has served more than half of his minimum sentence.

The state appellate court's docket indicates that there have been a number of substitutions of counsel in Petitioner's case. However, there have been no long lapses of activity in the appellate case, and Petitioner's appellate attorney filed a timely appellate

brief on November 16, 2010.  *See People v. Childress,* No. 288657 (Mich. Ct. App.).  Even though the case has been pending on appeal for two years, it is progressing and should be resolved in a timely manner now that the appellate brief has been filed.  This is not one of the extraordinary cases which requires the Court to reject the State's claim of nonexhaustion of state remedies and to consider the merits of the petitioner's claims due to inordinate delay in the state court.  *Cf. Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992).

### III.  CONCLUSION

Petitioner has not exhausted state remedies for his claims and he still has an available remedy to exhaust.  He must await resolution of his claims in the Michigan Court of Appeals and then seek relief in the Michigan Supreme Court before pursuing habeas corpus relief.  There has not been an absence of available State corrective process or circumstances rendering such process ineffective to protect Petitioner's rights.

Accordingly, the petition for a writ of habeas corpus [Docket No. 1, filed April 12, 2010] is **DISMISSED** without prejudice.  The motions for immediate release from custody [Docket No. 6, filed May 5, 2010] and for production of additional Rule 5 materials [Docket No. 10, filed July 9, 2010] are **DENIED** as moot.  Petitioner's motion to supplement his habeas petition [Docket No. 14, filed July 30, 2010] and his motion for disposition of his petition [Docket No. 12, filed Aug. 19, 2010] are **GRANTED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct.  *Slack*

4

*v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal this decision because he was permitted to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: November 30, 2010

    I hereby certify that a copy of the foregoing document was served upon Robert Childress, Reg. No. 365065, Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI 48212 and counsel of record on November 30, 2010, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager